## ALFRED JORDAN *vs.* WILLIAM G. FARNSWORTH.

The owner of a horse which has been attached and sold by a deputy sheriff as the property of another, and so stated in his return on the writ, may show, in an action brought against the deputy sheriff for the conversion, that the attachment had been dissolved, before the sale of the horse, by the neglect of the sheriff to keep possession.

A mortgagee of personal property which has been taken possession of by an officer on a writ against another person may bring an action against the officer for the conversion of it, without first making a statement in writing of the amount due on his mortgage and demanding payment of it, if there is no valid subsisting attachment.

A delivery of a mortgage of chattels to the town clerk for record, without knowledge of the mortgagee, more than a year after the mortgagor has agreed with the mortgagee to secure his debt by such a mortgage, is not necessarily a valid delivery of the mortgage, but is evidence of such delivery to be submitted to the jury.

The leaving a mortgage of personal property with the town clerk to be recorded, and his indorsement thereon of the usual memorandum of that fact, is a valid record of the

mortgage as against a subsequent attaching creditor, although the officer, before making the attachment, examines the records with the assistance of the town clerk, and is told by him that there is no such record, and the mortgage is afterwards found by the town clerk in his private drawer.

ACTION OF TORT by the mortgagee of a horse for its conversion by the defendant, a deputy sheriff.

At the trial in the superior court, before *Putnam,* J., the plaintiff put into the case the writ and papers in an action by Charles S. Benjamin against Alonzo A. Jordan, the plaintiff's son, the officer's return in which showed that the defendant had attached and sold the horse upon the writ. The plaintiff was permitted, against the defendant's objection, to prove that that attachment was dissolved by his neglect to keep possession of the horse.

The plaintiff, before commencing this action, made no statement in writing or demand of payment of the amount due upon his mortgage. The judge instructed the jury that none was necessary, if the attachment was dissolved before the horse was finally taken and sold by the defendant.

The plaintiff then introduced the mortgage, dated January 29th 1859, under which he claimed title to the horse; and called Alonzo A. Jordan, who testified that he made the mortgage of the horse to his father, the plaintiff, and gave it to the town clerk to be recorded, without any knowledge of the mortgagee at that time, but that more than a year before he had agreed with his father to execute a mortgage of the horse to him, to secure a loan of money then made by his father to him, and that the mortgage was made in pursuance of that agreement.

The town clerk testified that when the mortgage was handed to him by Alonzo A. Jordan for record, he at once minuted upon the back of it, in the usual form, the fact of his so receiving it and the date; that on the 1st or 2d of February 1859 he assisted the defendant in making an examination of the records of the town and of the book of mortgages, and they found no record of the mortgage, and he told the defendant none had been left with him; but that after the defendant had gone he found the mortgage in his private drawer. The defendant contended that this evidence did not show a legal delivery or record

of the mortgage, valid against his attachment. But the judge instructed the jury that it was not material whether the mortgage had ever been duly recorded or not, and that the facts proved concerning the agreement to make a mortgage, and the subsequent making and delivery of it to the town clerk, amounted to a valid delivery of it to the mortgagee.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. N. Dunham*, for the defendant.

*S. Thayer*, for the plaintiff.

DEWEY, J. 1. It was competent for the plaintiff to introduce evidence to show that the attachment of the property was dissolved by neglect of the officer to keep possession of the same.

2. No statement of the amount due on the plaintiff's mortgage was necessary to be made before commencing the action, if in fact there was no existing attachment.

3. The ruling of the court upon the question of the delivery of the mortgage was erroneous. It was error to rule . as a matter of law that the evidence as to the previous agreement for a mortgage, and the making and delivery to the town clerk for record, amounted to a valid delivery. Such delivery, based upon evidence of this character, must be found by the jury. It was for the jury, under proper instructions, to say whether, upon the evidence as to the previous agreement, and the acts of the parties, they were satisfied that the making of the mortgage and the delivery of the same to the town clerk was an act authorized by the plaintiff, and was done in pursuance of a previous agreement and authority so to do. The case of *Thayer* v. *Stark*, 6 Cush. 11, which perhaps is the most favorable case for the plaintiff, would require at least this much.

4. If the jury find the making of the deed, and delivery thereof to the town clerk, to have been in pursuance of a previous agreement between the parties, and thus an authorized delivery, the facts stated show sufficiently that the mortgage was duly recorded, or that enough was done to secure to the mortgagee the benefit of a recorded mortgage.

For the reasons stated under the third point, the

*Exceptions must be sustained.*